IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE SALDANA, JR. | § | |
| (TDCJ No. 1955845), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-757-B-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jose Saldana, Jr., a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 1. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The State filed a response opposing relief. *See* Dkt. No. 14. Saldana filed a reply brief. *See* Dkt. No. 17. For the reasons explained below, the Court should deny Saldana's federal habeas petition.

**Applicable Background**

"A jury convicted [petitioner] Jose Saldana, Jr. of aggravated assault with a deadly weapon. The trial court sentenced him to twenty-five years' confinement." *Saldana v. State*, No. 05-15-00059-CR, 2015 WL 6602073, at *1 (Tex. App. – Dallas Oct. 30, 2015, pet. ref'd.); *see State v. Saldana*, No. F-1358319-R (265th Jud. Dist. Ct.,

1

Dallas Cty., Tex.). The Dallas Court of Appeals modified the judgment to reflect that Saldana pled "not true" to the enhancement paragraph, and affirmed the judgment of the trial court in all other aspects. *Saldana*, 2015 WL 6602073, at *5. The Texas Court of Criminal Appeals ("CCA") denied Saldana's petition for discretionary review on March 9, 2016. *See Saldana v. State*, No. PD–1563–15 (Tex. Crim. App. 2016).

Saldana filed a state application for a writ of habeas corpus, claiming his attorney was constitutionally ineffective because he prohibited Saldana from testifying at trial, "fail[ed] to object to a defective indictment," and "fail[ed] to present an adequate defense." *See* Dkt. 16-26 at 24-25, 28-31. Additionally, Saldana alleged "[t]he State's use of perjured testimony violated [Saldana's] rights to due process of law." *Id.* at 26-27. On January 10, 2018, the CCA denied Saldana's application without written order on the findings of the trial court a without hearing. *See Ex parte Saldana*, WR-87,378-01 (Tex. Crim. App. Jan. 10, 2018); Dkt. No. 16-22.

In his timely-filed federal habeas application, Saldana raises the four grounds for relief he raised in his state application. *See* Dkt. 1 at 6-7.

## Legal Standards and Analysis

I. Claims

Saldana makes three claims of ineffective assistance of counsel and a claim of prosecutorial misconduct. *See* Dkt. No. 1 at 6-7.

Where a state court has already rejected a claim on the merits, a federal court

2

may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the

3

Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And

4

"even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where

5

the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Richter*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *cf. Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from

6

thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

That is, a Section 2254 petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

### A. Ineffective Assistance

Saldana makes three claims of ineffective assistance of counsel. Specifically, Saldana argues counsel was ineffective by (1) prohibiting Saldana from testifying at trial, (2) failing to object to a faulty indictment, and (3) failing to present an adequate defense. *See* Dkt. No. 1 at 6-7.

The Court reviews claims concerning the alleged ineffective assistance of counsel ("IAC"), whether at trial or on direct appeal, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a habeas petitioner

7

must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See id.* at 687-88. A petitioner must prove entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see also Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)).

The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See Strickland*, 466 U.S. at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746,

8

752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does

9

not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)).

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in

10

tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods v. Etherton*, 578 U.S. ___, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

Regarding the right to testify, "[w]hen a defendant argues that his counsel interfered with his right to testify, the appropriate vehicle for such claims is a claim of ineffective assistance of counsel under *Strickland*." *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001) (internal quotations omitted). But merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the

11

*Strickland* test. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). In this case, Saldana provides only a conslusory allegation that counsel prevented him from testifying. He provides no support from the record for this claim. His mere claim, unsupported by evidence from the record, is insufficient. *Id.*; *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (stating "[m]ere conclusory statements do not raise a constitutional issue in a habeas case.").

Saldana additionally claims counsel was ineffective by "failing to object to a defective indictment." *See* Dkt. 1 at 7. The United States Court of Appeals for the Fifth Circuit has explained that "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994); *see also Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) (failure to make frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness). Saldana cites to page six of the reporter's record of his arraignment hearing, and pages 35-36 of the of the prosecutor's *voir dire* in support of this claim. But the prosecutor's recitation of Saldana's indictment at his arraignment hearing, Dkt. 16-17 at 5-6, mirrors the language in Saldana's indictment, *see* Dkt. 16-15 at 9. (Although Saldana cites to pages 35-36 of the second volume of the reporter's record, the State's *voir dire* is found in volume three at pages 16-83. *See* Dkt. 16-18 at 16-83.) Additionally, the prosecutor's contested statements at *voir dire* are a response to questions by prospective jury members regarding the definition of "bodily injury." Dkt. 16-18 at 35-36. An objection in either situation would have been meritless, and so

12

counsel was not ineffective for not objecting. *See Clark*, 19 F.3d at 966.

Saldana next claims that his counsel failed to present an adequate defense. Dkt. 1 at 7. Specifically, Saldana alleges that counsel was unprepared at trial to address whether gunpowder residue found on Saldana's car and whether there were photographs in the record of Saldana's car demonstrating it had been damaged. Contrary to Saldana's claim, a review of the record demonstrates counsel conducted a vigorous cross-examination of Detective Ceraso, the lead detective in the case. *See* Dkt. 16-19 at 211-223. This included questioning regarding the presence of gunpowder residue on Saldana's car and photographs demonstrating whether Saldana's car had been damaged. *See id.* at 213-218. Saldana has failed to meet the standard for demonstrating IAC under these circumstances.

Saldana also argues that counsel's defense was inadequate in that he failed to present witnesses "who would have testified the day of the shooting [Saldana] was at home barbecuing in the backyard, and that he had loaned his cell phone on that same day." Dkt. 1-1 at 3. Saldana's conclusory statement is insufficient. Petitioners alleging ineffective assistance of counsel must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir.2009). Saldana's claim is insufficient to demonstrate counsel provided ineffective assistance.

And the undersigned has reviewed the state habeas court's findings and conclusions as to the applicable IAC claims, *see* Dkt. No. 16-25 at 3-5, and, because not

13

one amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence," *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)), Saldana fails to show that his Sixth Amendment right to effective counsel was violated. Saldana also has not shown that these state-court determinations are unreasonable by showing there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### B. Prosecutorial Misconduct

Saldana alleges the prosecutor violated his right to due process by using perjured testimony at trial. Specifically, Saldana alleges that, at trial, the victim identified Saldana as the person who shot him. Saldana claims that the victim committed perjury because, in the victim's statement to the police two days after the shooting, the victim did not identify Saldana as the shooter. *See* Dkt. 1 at 6; Dkt. 1-1 at 2.

Prosecutorial misconduct may "so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765 (1987) (citation and internal citation omitted). To demonstrate a due process violation in allegations of a prosecutor's use of perjured testimony, a petitioner must prove (1) the testimony in question was actually false, (2)

14

the prosecutor was aware of the perjury, and (3) the testimony was material. *See Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996).

But perjury is not established by mere contradictory testimony from witnesses, inconsistencies within a witness' testimony, and conflicts between reports, written statements, and the trial testimony of prosecution witnesses. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). Rather, "omissions merely go to the credibility of the witnesses, an area withing the province of the jury." *United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989).

Saldana fails to demonstrate a due process violation. While Saldana is correct that the victim failed to identify who shot him in his affidavit to the police, *see* Dkt. 16-26 at 64-66, but did identify Saldana at trial, *see* Dkt. 16-19 at 166-167; 176-177, this type of inconsistency is not sufficient to demonstrate the victim committed perjury, *see Koch*, 907 F. 2d at 531.

Because Saldana fails to show the victim committed perjury, he necessarily also fails to demonstrate the prosecutor violated his right to due process through the knowing use of perjured testimony at trial. *See Faulder*, 81 F.3d at 519.

In any event, as to this issue, the state habeas court stated:

> Applicant asserts that the complainant committed perjur[y] when he identified Applicant at trial but not in his initial statement to police.
>
> Applicant has failed to present evidence in support of this claim. Even if the complainant was unable to identify him initially, it does not prove that he committed perjury by identifying Applicant at trial.

15

Dkt. 16-25 at 4. And Saldana fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F.3d 1221, l224-25 (5th Cir. 1997).

As such, Saldana fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 28, 2018

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE